Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4866 | **DATE** | 5/17/2001 |
| **CASE TITLE** | Burks vs. DeTella et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 10-1) to dismiss is granted. The complaint is dismissed in its entirety. All other pending motions are moot. Ruling set for June 21, 2001 is stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 18 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 13 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

ED-7 FILED FOR DOCKETING
01 MAY 17 PM 1:28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM BURKS, )
)
Plaintiff, )
)
vs. ) 00 C 4866
)
GEORGE DETELLA, etc., et al., )
)
Defendants. )

DOCKETED
MAY 1 8 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendants' motion to dismiss the amended pleading. For the reasons set forth below, the motion is granted.

## BACKGROUND

On August 9, 2000, Plaintiff William Burks filed what he entitled a "Motion for Judgment of Default" against Defendants George DeTella, Lamarck Carter, and Bruce Burger. We dismissed the motion as premature and Burks, now represented by counsel, filed a complaint entitled "Amended Pleading." Defendants have now moved to dismiss the Amended Pleading (hereinafter, the "complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On a Rule 12(b)(6) motion to dismiss, we are obligated to accept as true the well-pleaded allegations of the complaint, as follow. William Burks is a sergeant with

the Illinois Department of Corrections (the "DOC"). On October 12, 1998, while Burks was a correctional lieutenant on duty at the Joliet Correctional Center, an inmate committed suicide by hanging himself in his cell. Burks secured the scene of the suicide by placing a correctional officer on the gallery where the incident occurred. Captain Kenneth Valestein then instructed Burks to order the officers to return to their galleries and finish their paperwork despite the fact that Valestein knew the officers would be unable to do so. Burks and his fellow officers were forced to work without any lunch or stress relief. Approximately four hours after the suicide was discovered, DeTella, then Assistant Director of the facility, and Carter, then Warden of the facility, heard officers in two galleries in Burks' cellhouse watching Monday Night Football. They accused Burks and three correctional officers of making the noise.

The following day Carter and DeTella, and possibly Defendant Burger, decided during a meeting of department heads to fire Burks. They convened an employee review hearing on October 18, 1998, with Burger acting as hearing officer. Burks alleges that the employee review hearing was "unfair" and "very biased" in that both Burger and Superintendent Gilberto Romero were "acting for management." A month after the hearing, Burks was placed on a non-paid stop order. On December 18, 1998, he was discharged.

Burks appealed his discharge through the DOC's internal grievance procedures. After a hearing on December 30, 1998, his grievance was denied. A few months later,

Burks learned from his union that he could return to work if he accepted a voluntary reduction in rank and a suspension without back pay from the time of the November 18 stop order. Because of his financial situation, Burks was required to accept these terms, and he returned to work for the DOC. On August 10, 1999, Burks filed charges against DeTella and Carter with the Department of Human Resources. DeTella and Carter missed two deadlines to answer the charges but eventually responded on February 15, 2000.

The complaint alleges that Defendants acted with malicious intent to deprive Burks of his employment as a Correctional Lieutenant with the DOC and to expose him to public ridicule and scorn such that his career would be ruined. The complaint further alleges that the October 18, 1998, employee grievance hearing was biased in violation of Burks' rights under the First, Ninth, and Fourteenth Amendments to the United States Constitution.[1] Defendants have moved to dismiss the complaint for failure to state a claim on which relief may be granted. Burks has not responded to the motion to dismiss.

---

[1] Although Burks does not expressly so state, we construe his constitutional claims as claims under 42 U.S.C. § 1983, the congressional statute that creates a private right of action for the constitutional violations alleged in the complaint. (Cf. Amended Pleading at ¶ 3 (alleging Defendants were at all relevant times acting under color of state law).)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint (or counterclaim), not to decide the merits of the case. Triad Associates, Inc. v. Chicago Housing Authority, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the Court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed. R. Civ. P.

10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we turn to the motion before us.

## DISCUSSION

### I. Absolute immunity

Defendants argue that Bruce Burger is immune from suit on the violations alleged in the complaint. The only misconduct of which Burger is accused is his alleged bias in conducting Burks' employee review hearing. "Officers and agencies that perform quasi-judicial functions are entitled to absolute immunity in order to protect their decision-making function from being impeded by fear of litigation or personal monetary liability." Crenshaw v. Baynard, 180 F.3d 866, 868 (7th Cir. 1999); see also Thompson v. Duke, 882 F.2d 1180, 1185 (7th Cir. 1989)). As a hearing officer, Burger was entitled to immunity for his actions in the decisionmaking process. Id. All claims against Burger are therefore dismissed.

### II. Count II - constitutional claims

#### A. First and Ninth Amendments

Burks ostensibly alleges a violation of his First and Ninth Amendment rights, but the complaint gives no indication of the basis for these claims. Rule 8(a) of the

Federal Rules of Civil Procedure requires a plaintiff to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Burks has not provided such a statement with respect to his First and Ninth Amendment claims. The claims are therefore dismissed.

**B. Procedural due process**

Burks' Fourteenth Amendment claim is on firmer ground, but fails nonetheless. The complaint arguably alleges that Burks had a property interest in his job in that he was an Illinois state employee certified by the Illinois Civil Service Commission (see Amended Pleading at ¶ 1) and could only be fired for good cause (see Amended Pleading at ¶ 20). Indeed, Defendants do not argue in their motion that Burks had no property interest in his job. Rather, they maintain that the process Burks was provided was constitutionally adequate.

The complaint, which asserts that the result of Burks' pre-termination hearing was preordained, sufficiently alleges the absence of a meaningful pre-termination hearing and opportunity to respond. In general, the discharge of an employee with a property interest in his employment violates due process in the absence of such a meaningful pre-deprivation hearing. See Cleveland Board of Ed. v. Loudermill, 470 U.S. 532, 108 S. Ct. 1487 (1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if

a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); cf. Lolling v. Patterson, 966 F.2d 230 (7th Cir. 1992) (Sheriff's failure to file state procedures requiring hearing before suspending deputy for more than 30 days without pay was "random and unauthorized" within the meaning of Hudson v. Palmer). The complaint alleges that Burks received two post-deprivation hearings – one just two weeks after his discharge (see Complaint ¶ 19), and one a year later, after Burks had been reinstated, on the charges he filed with the Department of Human Resources (see Complaint ¶ 27). Burks does not allege in the complaint that either of these two hearings was flawed in any way, and he has not responded to Defendants' contention that they were adequate by answering the motion to dismiss.

Under the circumstances, we conclude that the complaint fails to allege that Burks was deprived of any protected interest without due process of law. His Fourteenth Amendment claim is therefore dismissed.

### III. Count I

Count I of the complaint appears to allege defamation and bad faith on the part of the Defendants in their handling of Burks' termination. This count asserts, at most, a state law tort claim. "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." Kennedy v. Schoenberg,

Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998); 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966). Finding no unusual circumstances that would justify the continued exercise of supplemental jurisdiction, we dismiss any remaining state law claims without prejudice.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed in its entirety.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: ___May 17, 2001___